IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INSTALLATION SOFTWARE TECHNOLOGIES, INC. d/b/a INSTALLSHIELD SOFTWARE CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 03 C 4502<br><br>Hon. David H. Coar<br>Presiding Judge<br>Hon. Morton Denlow<br>Magistrate Judge |
| Plaintiff, | | |
| v. | | |
| WISE SOLUTIONS, INC., | | |
| Defendant. | | |

**NOTICE OF FILING**

TO:  John M. Murphy           Harvey M. Silets
     Charles R. Topping       KATTEN MUCHIN ZAVIS ROSENMAN
     BAKER & MCKENZIE         525 W. Monroe Street
     One Prudential Plaza     Suite 1600
     130 East Randolph Drive  Chicago, Illinois 60661-3693
     Chicago, Illinois 60601

**PLEASE TAKE NOTICE** that on the 26th of January, 2004, we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, WISE SOLUTIONS, INC.'S MEMORANDUM IN SUPPORT OF BAKER & MCKENZIE'S MOTION TO WITHDRAW in the above captioned matter, a copy of which is hereby served upon you.

Dated this 26th day of January 2004.

                              WISE SOLUTIONS, INC.

                    By: _____
                            One of its Attorneys

Michael J. Abernathy
Scott M. Mendel
Lisa A. Carroll
Christopher I. Cedillo
BELL, BOYD & LLOYD LLC
Three First National Plaza
70 West Madison Avenue, Suite 3300
Chicago, Illinois 60602
312.372.1121

## CERTIFICATE OF SERVICE

I hereby certify that (1) I am an attorney admitted to appear before this Court and (2) I caused a true and correct copy of the foregoing **Notice of Filing of Wise Solutions, Inc.'s Memorandum in Support of Baker & McKenzie's Motion to Withdraw** to be sent to the following individuals:

>John M. Murphy
>Charles R. Topping
>BAKER & MCKENZIE
>One Prudential Plaza
>130 East Randolph Drive
>Chicago, Illinois 60601
>
>Harvey M. Silets
>KATTEN MUCHIN ZAVIS ROSENMAN
>525 W. Monroe Street
>Suite 1600
>Chicago, Illinois 60661-3693

by email and first class mail this 26th day of January 2004.

*[signature: Christopher H. Cedillo]*
One of the Attorneys for Defendant
WISE SOLUTIONS, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INSTALLATION SOFTWARE TECHNOLOGIES, INC. d/b/a INSTALLSHIELD SOFTWARE CORPORATION, <br><br>           Plaintiff, <br><br>v. <br><br>WISE SOLUTIONS, INC., <br><br>           Defendant. | Civil Action No. 03 C 4502 <br><br>Hon. David H. Coar <br>    Presiding Judge <br>Hon. Morton Denlow <br>    Magistrate Judge |

FILED JAN 26 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## WISE SOLUTIONS, INC.'S MEMORANDUM IN SUPPORT OF BAKER & MCKENZIE'S MOTION TO WITHDRAW

Defendant, Wise Solutions, Inc. ("Wise"), hereby submits its memorandum in support of Baker & McKenzie's motion to withdraw as counsel of record for plaintiff, Installation Software Technologies, Inc. d/b/a InstallShield Software Corporation ("InstallShield").

### PRELIMINARY STATEMENT

As it conceded to this Court on December 17, 2003, on January 4, 2003, and in its Motion to Withdraw, Baker & McKenzie has a conflict of interest. It represents InstallShield in this suit. It also currently represents Wise's new parent, Altiris, Inc. ("Altiris"), on an ongoing basis. After careful deliberations, Altiris has reluctantly concluded that it cannot consent to Baker & McKenzie dividing its loyalties between it and a party suing its wholly-owned and closely-managed subsidiary. Indeed, the very Altiris officers that now manage Wise may be put in the untenable position of being deposed or cross-examined by the same law firm they have retained, relied on, and worked closely with for over two years and intend to continue to rely on and work closely with in the future. Altiris cannot see any means by which it can waive this breach of loyalty and confidence without adversely affecting its relationship with Baker &

McKenzie. Screening measures, no matter how diligently followed, will not cure the breach of loyalty underlying Baker & McKenzie's simultaneous representation.

Acknowledging that it cannot otherwise overcome these significant ethical difficulties, Baker & McKenzie has elected to withdraw as InstallShield's counsel in this litigation and filed an appropriate motion with this Court. For the same reasons, Wise respectfully asks this Court to grant Baker & McKenzie's motion to withdraw from its representation of InstallShield.

## STATEMENT OF FACTS

For over two years, Baker & McKenzie has been one of only two firms Altiris relies on to provide ongoing consultancy. (Declaration of Craig H. Christensen ("Christensen Decl.") ¶¶ 2-3, attached as Exhibit 1). Indeed, Baker & McKenzie is Altiris' primary counsel in Europe and Australia. (*Id.* ¶ 2). Baker & McKenzie attorneys in Amsterdam, London, Brussels, Paris, Frankfurt, Stockholm, Sydney, Hong Kong and Toronto have and continue to advise Altiris on international corporate, securities, tax and employment law matters. (*Id.* at ¶ 3).

Recently, Altiris has also begun working with an attorney in Baker and McKenzie's San Francisco office on international licensing and tax matters. (*Id.* ¶ 4). In total, Altiris has paid approximately $200,000 to $300,000 in fees to Baker & McKenzie. (*Id.* ¶ 5).

On December 2, 2003, Altiris acquired Wise as a wholly-owned subsidiary. (*Id.* ¶ 7). As a result, Altiris' consolidated financial statements include the financial statements of Wise, and all inter-company balances and transactions are eliminated in consolidation. (*Id.* ¶ 8). Wise's financial results, including any losses or expenses associated with this litigation, will directly impact the financial results of Altiris. (*Id.*). Altiris and Wise have also begun integrating the sales, marketing, information systems (IS) and research and development functions of the two companies. (*Id.* ¶ 9). All pre-acquisition Wise officers have relinquished their officer standing and now report directly to Altiris officers and managers. (*Id.*) Each department of Wise, including marketing and development, reports directly to one or more persons employed by Altiris. (*Id.*)

Most notably, the President of Wise is now Craig Christensen, Altiris' General Counsel and Baker & McKenzie's primary contact. (*Id.* ¶¶ 1, 6, 10). Since December 2, 2003, Mr. Christensen has overseen every aspect of the litigation between Wise and InstallShield. (*Id.* ¶ 10).

On December 8, 2003, the day it was to file all amendments to InstallShield's pleadings, Baker & McKenzie approached Altiris seeking a waiver of the conflict of interest presented by its simultaneous representation of InstallShield in this litigation and Altiris. (*Id.* ¶ 11). Altiris deliberated for some time about providing such a waiver. (*Id.*) It concluded in good faith, however, that it could not. (*Id.*)

Baker & McKenzie's proposal would put Altiris in the untenable position of mediating or trying a lawsuit against the very firm that it has shared information with and depended upon while seeking and receiving securities, tax, employment, licensing and other corporate advice. (*Id.* ¶ 12). Moreover, the management of Altiris recognizes that as the InstallShield litigation progresses, Mr. Christensen and other Altiris officers may be forced to respond to deposition notices from or be cross-examined by the same law firm they retained, relied on, and have worked closely with for over two years. (*Id.* ¶ 13)

Given these circumstances, Altiris concluded it would be a significant breach of the duties of loyalty and confidence owed to it by Baker & McKenzie and would adversely affect the relationship it has with Baker & McKenzie if Baker & McKenzie continued to represent InstallShield in this litigation. (*Id.* ¶ 14). Altiris had no choice, therefore, but to respectfully decline Baker & McKenzie's request for a waiver of its conflict of interest. (*Id.* ¶ 11).

Through its January 9, 2003 Motion to Withdraw, Baker & McKenzie has acknowledged that without Altiris' waiver, it has an incurable conflict of interest requiring it to withdraw as InstallShield's counsel in this case.

## ARGUMENT

Northern District of Illinois Local Rule 83.51.7(a) prohibits representation of one client "if the representation . . . will be directly adverse to another client, unless: (1) the lawyer

reasonably believes the representation will not adversely affect the relationship with the other client; *and* (2) *each* client consents after disclosure. LR83.51.7 (emphasis added). Local Rule 83.51.10 imputes disqualification to each "lawyer associated with a firm . . . when the lawyer knows or reasonably should know that another lawyer associated with that firm would be prohibited from doing so by LR83.51.7 . . . ." LR83.51.10.

Furthermore, Local Rule 83.51.16 makes clear that "[a] lawyer representing a client before a tribunal *shall* withdraw from employment . . . if . . . the lawyer knows or reasonably should know that such continued employment will result in a violation of these rules." LR83.51.16 (emphasis added). As detailed below, however, Baker & McKenzie cannot avoid continuing to violate Local Rule 83.51.7 because it has taken an adverse position against a *current* client. Baker & McKenzie cannot "drop" Altiris simply to create a former client situation. *See* Law. Man. Prof. Conduct § 51:201, 218 (2003) (attached as Exhibit 2). Even if it could, Baker & McKenzie has already received confidential information concerning Altiris and Wise which creates a conflict of interest under Local Rule 83.51.9 governing "former" client conflicts.

Finally, because of the delay this conflict issue has already created in the case schedule, and the likely extension of discovery dates required by that delay, InstallShield will not be unduly prejudiced by the need to retain new counsel.

I. **Local Rule 83.51.16 Mandates That Baker & McKenzie Withdraw From This Case.**

Baker & McKenzie concedes that it is now in a concurrent representation conflict of interest involving its client InstallShield and its client Altiris/Wise in violation of LR83.51.7. Accordingly, Baker & McKenzie has determined that it must withdraw from representation of InstallShield in this case.

Local Rule 83.51.16 makes clear that Baker & McKenzie's withdrawal is in fact mandatory and prohibits Baker & McKenzie from shifting the burden of that decision to this

Court or any third party. Local Rule 83.51.16 states that "[a] lawyer representing a client before a tribunal *shall* withdraw from employment . . . if . . . the lawyer knows or reasonably should know that such continued employment will result in a violation of these rules." LR83.51.16 (emphasis added). The language of the Local Rule, specifically the term "shall," imposes an undeniable obligation on Baker & McKenzie to withdraw from its representation of InstallShield in this case. *See, e.g., U.S. v. Anderson*, 798 F.2d 919, 924 (7th Cir. 1986) (construing Code of Judicial Conduct and noting that "'shall' . . . imposes a *mandatory* rule of conduct") (emphasis added).

Further, contrary to Baker & McKenzie's suggestion, the firm may not drop Altiris as a client to cure its present conflict. *See* Record of Proceedings Before the Honorable David H. Coar *at* 3, lines 2-4 (No. 03 C 4502, Jan. 15, 2004) (attached as Exhibit 3). The general rule in circumstances such as these is that a court should "not allow a law firm to drop a client 'like a hot potato' in order to shift resolution of the conflict question" from a concurrent representation conflict governed by Local Rule 83.51.7 to a potential conflict involving representation of a former client, governed by Local Rule 83.51.9. *See* Law. Man. Prof. Conduct § 51:201, 218; *International Longshoreman's Ass'n, Local Union 1332 v. International Longshoreman's Ass'n*, 909 F. Supp. 287, 297 (E.D. Pa. 1995) (applying 'hot potato' rule to reject counsel's offer to withdraw from plaintiff/client's related cases to represent the defendant/client in pending litigation, because such behavior violates attorneys' duty of loyalty).

Baker & McKenzie provided legal services to Altiris in connection with its acquisition of Wise and was therefore aware of a potential conflict several months ago. Nevertheless, Baker & McKenzie continued to represent Altiris, during which time Altiris shared information with Baker & McKenzie while seeking and receiving securities, tax, employment, licensing and other corporate advice, as it has throughout its two-year relationship. (Christensen Decl. ¶ 12). Furthermore, Altiris continued to pay fees to Baker & McKenzie. Under these circumstances, permitting Baker & McKenzie to drop its representation of Altiris would violate the confidence

Altiris' management placed in Baker & McKenzie as well as Baker & McKenzie's duty of loyalty to Altiris.

Baker & McKenzie has made a carefully considered decision to withdraw from this litigation and thus avoid betraying its ethical duties to either InstallShield or Altiris. In light of that decision and the compulsory language of Local Rules 83.51.7 and 83.51.16, this Court should grant Baker & McKenzie's Motion to Withdraw.

## II. Baker & McKenzie Has Received Confidential Information Related To Potential Damages In This Case.

Even if Local Rules 83.51.7 and 83.51.16 do not oblige Baker & McKenzie to withdraw from this case, and Baker & McKenzie were instead permitted to drop Altiris as a client to avoid a Local Rule 83.5.17 violation, Local Rule 83.51.9 would bar Baker & McKenzie's continued representation of InstallShield in any event.

According to Local Rule 83.51.9, a lawyer who has formerly represented a client "shall not thereafter represent another person in the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client" without the former client's informed consent. LR83.51.9. In the Seventh Circuit, two representations are substantially related "if the lawyer could have obtained confidential information in the first representation that would have been relevant in the second." *See Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir. 1983). Furthermore, "[i]t is irrelevant whether [the lawyer] *actually* obtained such information and used it against his former client, or whether – if the lawyer is a firm rather than an individual practitioner – different people in the firm handled the two matters and scrupulously avoided discussing them." *Id.* (emphasis added). Thus, the relevant inquiry is merely whether the lawyer or firm *could* have obtained confidential information from a former client that would be potentially relevant to the representation of the second client.

As stated in Section II, *supra*, throughout Baker & McKenzie's representation of Altiris, Altiris shared information with Baker & McKenzie while seeking and receiving securities, tax, employment, licensing and other corporate advice. (Christensen Decl. ¶ 12). Such information has included data on Altiris' financial information, sales prospects, and general market strength, all of which is potentially relevant to the damage phase of the instant case. InstallShield is seeking all profits – whether obtained before this suit or after – from Wise customers who also appear on InstallShield's customer and prospective customers lists. Wise's customers are now Altiris' customers.

Furthermore, InstallShield is seeking injunctive relief which would affect Altiris' financial performance, sales prospects, and general market strength going forward. *See Analytica, Inc.*, 708 F.2d at 1267. Therefore, Baker & McKenzie's representation of Altiris is "substantially related" to its representation of InstallShield, and Baker & McKenzie's continued representation of InstallShield in the present case constitutes a violation of Local Rule 83.51.9. Baker & McKenzie must therefore withdraw. *See also In re Sandahl*, 980 F.2d 1118, 1121 (7th Cir. 1992) (noting if a firm represented acquired company during its acquisition by plaintiff, the firm would be disqualified from representing defendants because it may have learned things in its representation of acquired company that would give the firm an unfair advantage in defending against plaintiff's suit).

### III. InstallShield Will Not Be Unduly Prejudiced By Retaining New Counsel.

If Baker & McKenzie withdraws from this case, InstallShield's new counsel will have to spend time becoming familiar with this case. However, the case is not complex. As set out very succinctly in InstallShield's Motion for Temporary Restraining Order and its supporting documents, each of InstallShield's claims against Wise arises out of a common nucleus of fact, and the documents produced by the parties to date are not voluminous. In addition, not a single deposition has yet been taken by either party. Therefore, InstallShield's new counsel likely will

not need significant additional time to acquaint itself with this case, nor will new counsel need to unnecessarily duplicate Baker & McKenzie's discovery efforts.

Furthermore, the current case schedule will likely need to be delayed in any event. The Court has ordered fact discovery to close on February 28, 2004. Although the parties have been actively engaged in such discovery, once they were made aware of the potential conflict, the parties suspended the exchange of discovery materials and postponed scheduled depositions to permit Baker & McKenzie to evaluate its position on the conflict question. Due to the length of time Baker & McKenzie has taken to deliberate and to bring its motion before the Court, however, the parties now have only four weeks to complete fact discovery. As it is virtually logistically impossible to complete fact discovery during that time, this case will likely require a 30 to 60 day extension of the case schedule in any event. That extension of time should be more than sufficient to permit new counsel to adequately acquaint themselves with the facts of this case, and InstallShield's interest in a timely resolution of this matter will not be unduly prejudiced.

## CONCLUSION

For the foregoing reasons, Wise respectfully submits that this Court should grant Baker & McKenzie's motion to withdraw from its representation of InstallShield in this litigation.

Dated this 26th day of January 2004.

*/s/ Christopher I. Cedillo*
One of the Attorneys for Defendant
Wise Solutions, Inc.

Michael J. Abernathy
Scott M. Mendel
Lisa A. Carroll
Christopher I. Cedillo
BELL, BOYD & LLOYD LLC
Three First National Plaza
70 West Madison Avenue, Suite 3300
Chicago, Illinois 60602
312.372.1121

## CERTIFICATE OF SERVICE

I hereby certify that (1) I am an attorney admitted to appear before this Court and (2) I caused a true and correct copy of the foregoing **Wise Solutions, Inc.'s Memorandum in Support of Baker & McKenzie's Motion to Withdraw** to be sent to the following individuals:

>John M. Murphy
>BAKER & MCKENZIE
>One Prudential Plaza
>130 East Randolph Drive
>Chicago, Illinois 60601
>
>Harvey M. Silets
>KATTEN MUCHIN ZAVIS ROSENMAN
>525 W. Monroe Street
>Suite 1600
>Chicago, Illinois 60661-3693

by email and first class mail this 26th day of January 2004.

*[signature]*
One of the Attorneys for Defendant
WISE SOLUTIONS, INC.

569991/D/4

# SEE CASE FILE FOR EXHIBITS